Scott P. Shaw (SBN 223592)
SShaw@Merchantgould.com
MERCHANT & GOULD
6700 S. Centinela Ave, Second Floor
Los Angeles, California 90230
Telephone: (949) 330-0202

Benjamin L. Dooley (admitted *pro hac vice*)
Bdooley@merchantgould.Com
MERCHANT & GOULD
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
Telephone: 865-380-5971

Brian J. Abergel (admitted *pro hac vice*)
Babergel@TPAlegal.com
PEACOCK, & ABERGEL, P.L.L.C.
304 South Harbor City Blvd. Suite 201
Melbourne, FL 32901
Telephone: (321) 255-5501

*Counsel for Defendants and Counter-Claimant*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| LE VENTURES, LLC, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>JONATHAN STRAUSS, et al.<br><br>  Defendants,<br><br>NEVEN EYEWEAR, LLC (FL),<br><br>  Counter-Claimant,<br><br>  vs.<br><br>LE VENTURES, LLC, NEVEN EYEWEAR, LLC (NV), and KHOI LE,<br><br>  Counter-Defendants. | Case No.: 2:24-cv-7383-WLH-PD<br><br>**DEFENDANTS AND COUNTER-CLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56**<br><br><br>Date: 1:30 P.M.<br>Time: May 1, 2026<br>Courtroom: 9B |

1

DEFENDANTS AND COUNTER-CLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on Friday, May 1, 2026, at  1:30 P.M. this matter can be heard before the Honorable Wesley L. Hsu located in Courtroom 9B of the United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants and Counter-Claimant Jonathan Strauss ("Strauss"), Neven Holdings, LLC, and Neven Eyewear, LLC (FL) ("Neven FL") (collectively, "Defendants") will and hereby do seek an order for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment, as to Counts One, Two, Four, and Five through Eight of Le Ventures, LLC ("LV"); Neven Eyewear, LLC (NV) ("Neven NV"); and Khoi Le ("Le") (collectively, "Plaintiffs") as asserted in Plaintiffs' Second Amended Complaint ("SAC").

This Motion is made on the following grounds:

- LV's Count One for breach of the independent contractor agreement ("ICA") between LV and Strauss fails as a matter of law because there is no genuine dispute of material fact that Count One is barred by the four year statute of limitations for breach of contract claims as Strauss's alleged breach of the ICA occurred no later than May 2020 when he applied to register the Neven Logo as a trademark with the USPTO, listing Tribe Eyewear, LLC as its owner.

- LV's Counts Two and Four for conversion (Two) and Fraud (Four) fail as a matter of law because there is no genuine dispute of material fact that Counts Two and Four are barred by the Economic Loss Doctrine as neither Count is independent of the alleged rights, duties, and obligations of the ICA.

- LV and Neven NV's Counts Five and Six for trademark reassignment or cancellation fail as a matter of law for multiple independent reasons because there is no genuine dispute of material fact that (1) there is no

2

DEFENDANTS AND COUNTER-CLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56

ongoing controversy involving a registered mark for LV and Neven NV to have standing and for the Court to maintain jurisdiction; (2) Counts Five and Six are barred by Laches; and (3) LV and Neven NV fail to show that Strauss intended to defraud the USPTO and that the Neven FL Registrations caused any damages to LV or Neven NV.

- Plaintiffs' Count Seven for unfair competition under Cal. Bus. & Prof. Code §17200 fails as a matter of law because there is no genuine dispute of material fact that Plaintiffs cannot and have not demonstrated the inadequacy of a remedy at law.

- LV's Count Eight for declaratory judgment of copyright ownership fails as a matter of law because there is no genuine dispute of material fact that (1) LV has no ownership interest in the NEVEN Symbol as it was originally created by third party, John Muller and (2) Count Eight is barred under the three year statue of limitations for copyright ownership claims as the parties were in a close business relationship and Defendants expressly repudiated LV's ownership claim through exploiting the NEVEN marks in commerce without crediting LV.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Statement of Undisputed Facts and Conclusions of Law; the Declaration of Scott Shaw, and accompanying exhibits; the Declaration of Jonathan Strauss; the Declaration of Gene Bolmarcich; the Declaration of Masha Miucin; and upon such oral argument and submissions that may be presented at or before hearing of this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 28, 2026 and again on February 27, 2026.

Defendants first provided their anticipated summary judgment arguments to Plaintiffs on July 9, 2025, and requested to meet and confer. (Declaration of Scott P.

3

DEFENDANTS AND COUNTER-CLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56

Shaw ("Shaw Decl.") ¶35, Ex. GG). The next day, Defendants' counsel sent Plaintiffs' former counsel a follow up email and again requested to meet and confer regarding Defendants' summary judgment motion. (*Id.* at ¶36, Ex. HH).

After an unsuccessful attempt to mediate and settle the case, Defendants resumed their pursuit of summary judgment, providing revised summary judgment arguments to Plaintiffs' former counsel on January 20, 2026 and requesting to meet and confer again. (*Id.* at ¶36–39, Ex. II). Defendants provided additional summary judgment arguments to Plaintiffs' former counsel on January 27, 2026. (*Id.* at ¶40, Ex. JJ). On January 28, 2026, Defendants' counsel received written correspondence from Plaintiffs' former counsel in response to Defendants' January 20th summary judgment arguments. (*Id.* at ¶41, Ex. KK). Defendants' counsel conducted a thorough meet and confer with Plaintiffs former counsel later on January 28, 2026, regarding Defendants' summary judgment motion and discussed every ground for relief sought. (*Id.* at ¶42). The next day, Defendants sent Plaintiffs' former counsel additional law supporting Defendants' summary judgment arguments. (*Id.* at ¶43, Ex. JJ).

On February 23, 2026, Plaintiffs' former counsel informed Defendants' counsel that new counsel would be representing Plaintiffs. (*Id.* at ¶44, Ex. LL). Shawn Olson requested to substitute as Plaintiffs' counsel on February 24, 2026. (Dkt. 76). On February 25, 2026, Defendants' counsel notified Mr. Olson of its intent to file a summary judgment motion and motions in limine. (*Id.* at ¶45, Ex. MM). When Mr. Olson did not respond, Defendants' counsel followed up on February 26, 2026. (*Id.*) Mr. Olson eventually responded on February 27, 2026, indicating that he and co-counsel, Thomas Stanton and Geneva Hernandez, were available to meet and confer that same day. (*Id.*) Despite Mr. Olson's delayed response and short notice, Defendants' counsel agreed to meet and confer that same day, where the parties discussed Defendants' motions in limine as well as Defendants' summary judgment

DEFENDANTS AND COUNTER-CLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56

motion. (*Id.* at ¶46). Even though he attended the February 27, 2026 meeting, Mr. Stanton did not file a pro hac vice application until March 2, 2026, and the application he filed was deficient. (*See* Dkts. 78, 79). The Court granted Mr. Stanton's second pro hac vice application on March 9, 2026. (Dkt. 81). Despite Defendants' multiple requests to do so, no pro hac vice application has been filed for Ms. Hernandez, though she continues to communicate with Defendants' counsel on behalf of Plaintiffs. (*See* Shaw Decl. ¶¶48–49, Ex. OO).

Following the discussion between counsel on February 27, 2026, counsel for Defendants emailed their portion of the Joint Brief, the Joint Appendix of Facts, and the Joint Appendix of Evidence (the "Joint Papers") to Plaintiffs on March 4, 2026, (*Id.* at ¶47, Ex. NN), as required by this Court's Standing Order for Motions and Summary Judgment (Dkt. 51). The Joint Papers were made available to Defendants counsel via a secure link that tracks when the link was accessed and if any documents were downloaded. (Shaw. Decl. ¶47, Ex. NN).

Two weeks later, on March 18, 2026, after having not received Plaintiffs' portion of the joint brief and statement of facts, counsel for Defendants sent a follow up email asking when Defendants could expect to receive Plaintiffs' portion of the Joint Papers. (*Id.* at ¶50, Ex. OO). Shortly after sending the email, counsel for Plaintiffs and Defendants conducted a call and Plaintiffs' counsel would not provide a definitive answer on if they would send their portion of the Joint Papers before their Court ordered, two-week deadline but agreed to provide an answer later that day. (*Id.* at ¶51). After the call, Defendants' counsel confirmed that Plaintiffs' Counsel had not accessed the link Defendants' counsel provided to the Joint Papers. (*Id.* at ¶52). Later on March 18, 2026, Plaintiffs' counsel emailed Defendants' counsel to assert for the first time that Defendants and Plaintiffs had not properly conferred over Defendants' summary judgment motion and incorrectly asserted that the parties conducted a Local Rule 7-3 meet-and-confer regarding Plaintiffs' motion

DEFENDANTS AND COUNTER-CLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56

to extend. (*Id.* at ¶53, Ex. PP). Defendants' counsel quickly responded, outlining the errors in Plaintiffs' counsel's understanding, reiterating Plaintiffs' counsel's violations of the Local Rules and the Court's Standing Orders, and directing them yet again to the link containing the Joint Papers first sent on March 4th. (*Id.* at ¶54, Ex. PP). At the time of filing this Motion, Plaintiffs' counsel has still not accessed the link to the Joint Papers. (*Id.* at ¶56).

Notwithstanding Plaintiffs failure to participate in preparing the Joint Papers,[1] Defendants submit this Motion in compliance with this Court's requirements and ahead of the Court's March 20, 2026 deadline to file Rule 56 motions.[2]

Dated: March 19, 2026          By: */s/ Scott P. Shaw*

Scott P. Shaw (SBN 223592)
Benjamin L. Dooley (admitted *pro hac vice*)
MERCHANT AND GOULD

Brian J. Abergel (admitted *pro hac vice*)
PEACOCK, & ABERGEL, P.L.L.C.

*Counsel for Defendants and Counter-Claimants*

---

[1] As explained above, Defendants have diligently worked to fully comply with the Court's Standing Order for Motions for Summary Judgment ("SMJ Order"), including meeting and conferring with Plaintiffs' counsel, sending email reminders, and working to fully integrate the Joint Papers.

[2] Because Defendants' Motion for Partial Summary Judgment is unopposed, Defendants do not see a need to file a reply brief under the Court's SMJ Order § B(2)(e). *See Johnson v. Kern Cty. Jail*, No. 1:22-cv-01046-KES-SKO (PC), 2025 U.S. Dist. LEXIS 231894, at *2 (E.D. Cal. Nov. 25, 2025) ("Plaintiff failed to file an opposition to Defendant's summary judgment motion . . . Defendant's pending summary judgment motion is unopposed; thus, no reply brief is necessary[.]"); *Seymour v. Doe*, No. 1:22-cv-01146-SKO, 2025 U.S. Dist. LEXIS 253128, at *3 (E.D. Cal. Dec. 5, 2025) (considering summary judgment motion unopposed and deeming no reply brief necessary). If the Court determines Defendants' motion is not unopposed, Defendants respectfully request the right to file a reply brief.

DEFENDANTS AND COUNTER-CLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56