Shawn M. Olson, Esq.
CA Bar No. 245688
OLSON LAW FIRM
7372 Prince Dr., Ste. 104
Huntington Beach, CA 92647
Phone: (714) 847-2500
Fax: (714) 847-2550
Shawn@shawnolsonlaw.com

Thomas H. Stanton, Esq. (*pro hac vice*)
OLDER LUNDY KOCH & MARTINO
1000 W. Cass Street
Tampa, Florida 33606
Phone: (813) 2554-8998
tstanton@olderlundylaw.com

*Counsel for Plaintiffs and Counter-Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE VENTURES, LLC, et. al., | ) Case No.: 2:24-cv-7383-WLH-PD |
| Plaintiffs, | ) **PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE** |
| vs. | ) |
| JONATHAN STRAUSS, et. al., | ) Date: TBD |
| Defendants. | ) Time: TBD |
| NEVEN EYEWEAR, LLC (FL), | ) Courtroom: TBD |
| Counter-Claimant, | ) |
| vs. | ) |
| LE VENTURES, LLC, NEVEN EYEWEAR, LLC (NV), AND KHOI LE, | ) |
| Counter-Defendants. | ) |

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

i

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on a date to be decided by this Court, this matter can be heard via Zoom or before the Honorable Wesley L. Hsu located in Courtroom 9B of the United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs and Counter-Defendants, Le Ventures, LLC ("LV"). Neven Eyewear LLC (NV) ("Neven NV"), and Khoi Le ("Le") (collectively, "Plaintiffs") will and hereby seek an order for dismissal without prejudice pursuant to Rule 41(a)(2).

This Motion is made on the Federal Rules of Civil Procedure, the Local Rules, the prevailing California law, and supporting declarations.

Dated this 7th day of April 2026

*s/ Thomas H. Stanton*

Shawn M. Olson (CA Bar No. 245688)
OLSON LAW FIRM

Thomas H. Stanton (pro hac vice)
OLDER LUNDY KOCH & MARTINO

*Counsel for Plaintiffs and
Counter-Defendants*

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

ii

**TABLE OF CONTENTS**

BACKGROUND ..........................................................................................................2

LEGAL STANDARD..............................................................................................2

ARGUMENT ..............................................................................................................3

I.    Plaintiffs' request for dismissal is permissible as Defendants will sustain no legal prejudice............................................................................................................3

II.   Plaintiffs' dismissal should be granted without the imposition of fees. ..................4

III.  The Court should dismiss Plaintiffs' claims without prejudice.............................4

CONCLUSION ..........................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Burnette v. Godshall*, 828 F. Supp. 1439 (N.D. Cal. 1993)..............................................3, 4

*Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143 (9th Cir. 1982) ..............2, 3

*Koch v. Hankins*, 8 F.3d 650 (9th Cir. 1993).......................................................................4

*Murphy v. Peter Spennato DDS Inc.*, 2013 U.S. Dist. LEXIS 197420, 2013 WL
          12130010 (C.D. Cal. Dec. 30, 2013)......................................................................3

*Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001) ..................................................................3

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919 (9th Cir. 1989)...............2, 4

*Westlands Water Dist. V. United States*, 100 F. 3d 94  (9th Cir. 1996) .........................3, 4

**Statutes**

Federal Rules of Civil Procedure 41(a)(2)...............................................................2, 3, 4, 6

Shawn M. Olson, Esq.
CA Bar No. 245688
OLSON LAW FIRM
7372 Prince Dr., Ste. 104
Huntington Beach, CA 92647
Phone: (714) 847-2500
Fax: (714) 847-2550
Shawn@shawnolsonlaw.com

Thomas H. Stanton, Esq. (*pro hac vice*)
OLDER LUNDY KOCH & MARTINO
1000 W. Cass Street
Tampa, Florida 33606
Phone: (813) 2554-8998
tstanton@olderlundylaw.com

*Counsel for Plaintiffs and
Counter-Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LE VENTURES, LLC, et. al.,

        Plaintiffs,

    vs.

JONATHAN STRAUSS, et. al. ,

        Defendants.

NEVEN EYEWEAR, LLC (FL),

        Counter-Claimant,

    vs.

LE VENTURES, LLC, NEVEN

EYEWEAR, LLC (NV), AND KHOI LE,

        Counter-Defendants.

    Case No.: 2:24-cv-7383-WLH-PD

    **PLAINTIFFS' AND COUNTER DEFENDANTS' MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE**

      Date: TBD
      Time: TBD
      Courtroom: TBD

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

1

Plaintiffs and Counter-Defendants Le Ventures, LLC, Neven Eyewear, LLC (NV), and Khoi Le (collectively the "Plaintiffs") hereby move the Court pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, to voluntarily dismiss all nine claims asserted by Plaintiff in *Le Ventures, LLC, et. al. v. Jonathan Strauss, et. al,* Case No. 2:24-cv-7382-WLH-PD without prejudice. In support of this motion, Plaintiffs state as follows:

## BACKGROUND

1.       Under Rule 41(a)(2), Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

2.       Plaintiff filed the instant suit on August 29, 2024. (DE 1)

3.       On January 23, 2025, Plaintiff amended its claims to what is now the operative complaint. (DE 53). Plaintiff's claims include breach of contract, two counts of conversion, fraud, two counts of reassignment or cancellation of U.S. Trademarks, violation of the Unfair Competition Law, and two counts for declaratory judgment.

4.       Defendant counterclaimed with trademark infringement and false designation and cancellation of a U.S. Trademark.

## LEGAL STANDARD

5.       "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).

6.       Voluntary dismissal under Rule 41(a)(2) is granted liberally, provided that a party will not suffer legal prejudice. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

7.    As such, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id*. at 976 (internal quotations and citations omitted).

8.    Under Rule 41(a)(2) the Court must evaluate whether to allow a dismissal; (2) whether the Court should impose any conditions to the dismissal, and (3) whether the dismissal is by default without prejudice. *See Westlands Water Dist. V. United States*, 100 F. 3d 94, 97 (9th Cir. 1996).

## ARGUMENT

## I.    Plaintiffs' request for dismissal is permissible as Defendants will sustain no legal prejudice.

9.    There is no legal prejudice for the uncertainty that arises as the result of the parties' unresolved dispute, a threat of future litigation, or inconvenience from defending in another forum in which the plaintiff is perceived as having a tactical advantage. *Smith*, 263 F.3d at 975; *see also Murphy v. Peter Spennato DDS Inc.*, 2013 U.S. Dist. LEXIS 197420, 2013 WL 12130010, at *1 (C.D. Cal. Dec. 30, 2013).

10.    Moreover, the "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist*, 100 F. 3d at 97.

11.    Neither does legal prejudice result "merely by asserting that it had began trial preparations. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). In fact, there is no legal prejudice even "when the dismissal may cause defendant to incur substantial expense in preparing for trial. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993).

12.    Also, because Defendant's counterclaims stand independently and are not at all dependent on Plaintiff's claims, Defendants sustain no legal prejudice. Taking the

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

3

liberal rule in favor of dismissal, Plaintiffs' claims should be dismissed in accord with Rule 41(a)(2).

## II.   Plaintiffs' dismissal should be granted without the imposition of fees.

13.   Defendants argue that the dismissal must accompany a condition of fees and costs. Courts may impose conditions upon voluntary dismissal, including an award of fees. *See Westlands Water Dist*, 100 F.3d at 97-98. However, a conditional dismissal is not mandatory. *Id.* "No circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989). In fact, several courts have specifically held that such payment is not required. *Id.*

14.   If the Court grants the dismissal on a repayment condition, defendants are entitled only to those costs and fees and that cannot be used in future litigation of the dismissed claims. *Id.*; *see also Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (courts should award only "fees or costs for work which is not useful in continuing litigation between the parties").

*15.*   This dismissal would be Plaintiff's first dismissal on these claims in any venue. Moreover, the statute of limitations had not lapsed for Plaintiff's claims. All of Defendants' work can be used for future litigation. Accordingly, a dismissal conditional upon fees is not appropriate.

## III.   The Court should dismiss Plaintiffs' claims without prejudice.

16.   The Court must consider (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the case, and (3) the explanation of the need to dismiss the case. *Burnette*, 828 F. Supp. 1443-44.

17.   Plaintiffs acknowledge that both parties have likely begun to incur expenses related to trial preparation. However, nearly two months from trial and over a month from even pre-trial, such expenses are still at the preliminary stages. The parties have

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

not yet passed the dispositive motions phase of the case. More importantly, any expenses incurred in preparing for trial can be reused in future litigation. Any future filed action will be identical, if not even more narrow than Plaintiff's current claims. Defendants' work in the instant case can and will be used for future litigation.

18.    Plaintiffs have demonstrated a committed diligence to prosecuting this case. The operative complaint is detailed and supported. The parties have taken several hours of depositions of key witnesses; exchanged hundreds of thousands of pages of discovery; and Plaintiff remains committed to the protection of his claims.

19.    Plaintiff further sets forth valid, good faith reasons for dismissing the instant case.

20.    First, Plaintiffs' current financial hardship. Defendants Neven Eyewear and Mr. Strauss proceeded with several meritless lawsuits in Florida venues, both federal and state court. These lawsuits resulted in two dismissals and one judgment in favor of Mr. Le. Most recently, *NEVEN EYEWEAR LLC, v. KHOI LE*, Case No. 24-CA-29874, Broward County, Florida, proceeded in December of 2025 through trial and judgment. The case resulted in a zero-liability verdict for Mr. Le, but at a significant cost. *See* Le Decl., at ¶¶ 3-5.

21.    In the Florida case, Mr. Le diligently pursued avenues to consolidate the Florida case with the instant case. Mr. Strauss fought against those efforts. Ultimately, the Florida court ruled that, despite the intertwined issues and overwhelmingly overlapping evidence, the Florida case and the instant case could continue with separate and concurrently in two separate venues. *Id.* at ¶¶ 6-9.

22.    Defending a case through trial in Florida, and continuing to prosecute claims in California, has resulted in an overwhelming and substantial financial burden on Mr. Le. To successfully defend Mr. Strauss' frivolous claims, Mr. Le had to proceed with a 3-day trial in a Florida venue, over 2,000 miles from Mr. Le's residence. *Id.*

23.    Second, opposing counsel has demonstrated that he intends to be a roadblock to all Plaintiffs' efforts to try this case on the merits, which has caused significant time

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

to be devoted just to combat all of counsel's threats and wasted meet and confers. In just 23 days, Mr. Shaw has demonstrated hardball tactics that include refusal to compromise, bullying, continual threat of sanctions, harassment, cursing, and a refusal to meet and confer.

24. Defendant continues to bombard Plaintiff with motion practice, unnecessary threats including sanctions, and ineffective and unprofessional meet and confer conferences. These unprecedented expenses, in which Plaintiff believes was the orchestrated plan to bleed Mr. Le's resources, has resulted in drastic change of circumstance for Plaintiffs that necessitates dismissal. With Plaintiffs' resources all but exhausted with concurrent litigation (the instant case being the fourth case on related matters in only two years), Plaintiffs cannot continue to prosecute the instant case. *Id.* at ¶¶ 10-11.

25. Third, demonstrating excusable neglect, prior counsel appeared to be negligent regarding several key deadlines including the deadline to disclose damages, the deadline to produce expert reports, and the deadline to compel discovery. Plaintiff seeks to correct and comply with these key deadlines. Current lead counsel is sensitive to the events that lead counsel suspects led to prior counsel's noncompliance. Plaintiffs and counsel believe that prior counsel's death of an immediate family member and the subsequent related events caused understandable and excusable oversight of key deadlines.

26. For these good faith reasons, Plaintiff's claims should be dismissed without prejudice.

## CONCLUSION

27. For the reasons argued above, Plaintiff respectfully requests that the Court dismiss Plaintiffs' claims without prejudice and without the imposition of costs for the Defendant under Rule 41(a)(2).

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

Dated this 7th day of April 2026

*s/ Thomas H. Stanton*

Shawn M. Olson (CA Bar No. 245688)
OLSON LAW FIRM
7372 Prince Dr., Ste. 104
Huntington Beach, CA 92647
Phone: (714) 847-2500
Fax: (714) 847-2550
Shawn@shawnolsonlaw.com

Thomas H. Stanton (pro hac vice)
OLDER LUNDY KOCH & MARTINO
1000 W Cass St.
Tampa, Florida 33606
Phone: (813) 2554-8998
tstanton@olderlundylaw.com

*Counsel for Plaintiffs and
Counter-Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April, a copy of the foregoing was electronically filed with the Clerk of Court for the US District Court for the Central District of California using the CM/ECF system, which will send a notice of electronic filing to all registered parties/counsel.

*/s/ Thomas Stanton*

Thomas Stanton, Esq. #127444

## CERTIFICATE OF CONFERRAL

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

7

I declare under penalty of perjury that counsel for Plaintiffs attempted to confer with counsel for Defendant regarding the instant motion on March 25 via teleconference and via e-mail in advance of the conference. Counsel refused to meaningfully confer during the teleconference. In any case, counsel communicated in no uncertain terms via e-mail that opposes any such relief requested in the instant motion. *See E-mail Exchange*, attached as **Exhibit "A."**

/s/ Thomas Stanton

Thomas Stanton, Esq. #127444

PLAINTIFFS' AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR VOLUNTARILY DISMISSAL WITHOUT PREJUDICE

8