Scott P. Shaw (SBN 223592)
Sshaw@Merchantgould.com
Morgan E. Pietz (SBN 260629)
mpietz@merchantgould.com
MERCHANT & GOULD
6700 S. Centinela Ave, Second Floor
Los Angeles, California 90230
Telephone: (949) 330-0202

Benjamin L. Dooley (admitted *pro hac vice*)
Bdooley@merchantgould.com
MERCHANT & GOULD
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
Telephone: 865-380-5971

Brian J. Abergel (admitted *pro hac vice*)
Babergel@TPAlegal.com
PEACOCK, & ABERGEL, P.L.L.C.
304 South Harbor City Blvd. Suite 201
Melbourne, FL 32901
Telephone: (321) 255-5501

*Counsel for Defendants and Counter-Claimant*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| LE VENTURES, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JONATHAN STRAUSS, et al.<br><br>Defendants, | Case No.: 2:24-cv-7383-WLH-PD<br>*Hon. Wesley L. Hsu* |
| NEVEN EYEWEAR, LLC (FL),<br><br>Counter-Claimant,<br><br>vs.<br><br>LE VENTURES, LLC, NEVEN EYEWEAR, LLC (NV), and KHOI LE,<br><br>Counter-Defendants. | **DEFENDANTS' *EX PARTE* APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026**<br><br>Hearing:<br>Date:      May 8, 2026<br>Time:      1:30 P.M.<br>Location:  Courtroom 9B (Judge Hsu)<br>           First Street U.S. Courthouse |

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

1

## EX PARTE APPLICATION

**PLEASE TAKE NOTICE** that Defendants and Counter-Claimant Jonathan Strauss ("Strauss"), Neven Holdings, LLC, and Neven Eyewear, LLC (FL) ("Neven FL") (collectively, "Defendants") hereby apply *ex parte* for an order allowing them to file the Motion for Sanctions Pursuant to FRCP 16(f) (*See* Declaration of Scott Shaw ("Shaw Decl."), ¶ 24, Ex. I)) after the April 3, 2026 deadline and for a hearing on May 8, 2026. Defendants propose that Plaintiffs file their Opposition to the Motion on April 24, 2026 and that Defendants file their Reply on May 1, 2026.[1]

This Application is based on the following:

- Plaintiffs filed three motions after the Court-ordered deadline in violation of FRCP 16, Local Rule 6-1, and this Court's Scheduling Order and Section G.2 of this Court's Standing Order.[2]

- Defendants requested that Plaintiffs participate in a Local Rule 16-2 pretrial meeting of counsel on February 25, 2026, February 26, 2026, February 27, 2026, March 4, 2026, March 12, 2026, March 13, 2026, March 16, 2026, March 18, 2026, March 19, 2026, March 20, 2026, and March 26, 2026. Plaintiffs failed to participate in a Local Rule 16-2 conference, despite the numerous requests.

- Plaintiffs failed to articulate any reason for opposition to Defendants' Motions in Limine Nos. 1-2 and forced Defendants to incur the time and expense to prepare and file these Motions.

---

[1] Defendants merely proposed these dates for briefing but any dates that are convenient for Plaintiffs and this Court are acceptable to Defendants.

[2] The motions included additional violations, including, without limitation, violations of Local Rules 7-4 and 11-3.8, 11-6.2, this Court's Standing Order G.5.b, Local Rule 7-20, Local Rule 5-4.4, this Court's Standing Order C.3, and Local Rule 5-3.1.2

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

- Plaintiffs failed and refused to confer over Defendants' Motions in Limine Nos. 3-5 and forced Defendants to incur the time and expense to prepare and file these Motions.
- Plaintiffs failed to exchange jury instructions in violation of this Court's Pretrial Schedule and Trial Order Section B(2)(e)(i).
- Plaintiffs failed to prepare and file a Memorandum of Contentions of Fact and Law in violation of Local Rule 16-4.
- Plaintiffs failed to participate in preparing or filing a Joint Exhibit List Civil Pretrial Schedule and Trial Order Section B.2.d.
- Plaintiffs failed to prepare or file a Witness List in violation of Local Rule 16-5 and this Court's Civil Pretrial Schedule and Trial Order Section B.2.c.
- Plaintiffs failed to prepare a Joint Status Report Regarding Settlement in violation of Local Rule 16-15 and this Court's Civil Pretrial Schedule and Trial Order Section B.1.
- Plaintiffs have failed to prepare a proposed Pretrial Conference Order, despite repeated requests from Defendants.

Based on the foregoing, good cause exists for this Application to be granted, in part, because Defendants are not at fault, Defendants are continually working to comply with their obligations, Defendants are prejudiced by Plaintiffs lack of compliance, and this Court should not have to expend judicial resources on a case that Plaintiffs are not prosecuting in good faith.

Defendants' *Ex Parte* Application ("Application") is based on this Notice, the Declaration of Scott Shaw filed concurrently herewith, the [Proposed] Order, the pleadings and record in this matter, and any other evidence or argument that may be presented if a hearing is granted on this Application.

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

On April 13, 2026, Defendants provided notice to Plaintiffs' counsel of Defendants' intent to file this Application on Friday April 17, 2026, and advised that Plaintiffs would have 48 hours to oppose. (Shaw Decl., ¶ 20, Ex. H). Defendants followed up by email on April 14, 2026. (Shaw Decl., ¶ 21, Ex. H). Counsel for Defendants and Plaintiffs conferred telephonically about this matter on April 15, 2026 wherein Plaintiffs' counsel indicated they would oppose the Application. (Shaw, ¶ 22, Ex. H). The parties exchanged confirming emails the same day. (*Id.*)

Pursuant to Local Rule 7-19, Defendants provide the following information regarding Plaintiff's counsel contact information:

> Thomas Stanton
> tstanton@olderlundylaw.com
> OLDER LUNDY KOCH & MARTINO
> 1000 W. Cass Street
> Tampa, Florida 33606
> Phone: (813) 2554-8998

Respectfully submitted,

Dated: April 17, 2026                    By: */s/ Scott P. Shaw*

> Scott P. Shaw (SBN 223592)
> Benjamin L. Dooley (admitted *pro hac vice*)
> MERCHANT AND GOULD
>
> Brian J. Abergel (admitted *pro hac vice*)
> Babergel@TPAlegal.com
> PEACOCK, & ABERGEL, P.L.L.C.
> *Counsel for Defendants and Counter-Claimant*

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants and Counter-Claimant Jonathan Strauss ("Strauss"), Neven Holdings, LLC, and Neven Eyewear, LLC (FL) ("Neven FL") (collectively, "Defendants") respectfully request an opportunity to request appropriate and fair sanctions against Plaintiffs and their counsel at the May 8, 2026, hearing and pretrial conference. Defendants cannot seek this relief in their opposition(s) to the currently pending *untimely* motions filed by Plaintiffs.

## II.   BACKGROUND

### A.    Procedural Background

This case was filed August 29, 2024. (*See* Dkt. 1). Defendants motion to dismiss the First Amended Complaint was granted in part on January 2, 2025. (*See* Dkt. 52). Around that same time, on December 30, 2024, the Court entered its first scheduling order, setting all pretrial deadlines. (*See* Dkt. 50, pg. 22). The pretrial and trial dates were then extended *three* times. (Dkts. 59, 70, 72). The latest extensions resulted in the now binding scheduling order (the "Scheduling Order"). (Dkt. 72). Under the Scheduling Order, the last day to hear motions is May 1, 2026, making the deadline to file regularly noticed motions April 3, 2026. (*See id*. ). Plaintiffs filed three motions on April 7, 2026, ("Plaintiffs' Motions") after the deadline had passed and without seeking leave of court. (*See* Dkts. 86, 88, 91).

### B.    Defendants Requests to Conduct LR 16-2 Conference

The parties were to conduct an in person meeting no later than March 29, 2026, to discuss a number of pretrial matters (the "LR 16-2 Conference"). (See Dkts. 72; 50, § B). Defendants requested that Plaintiffs propose dates for the LR 16-2 Conference on February 25, 2026, February 26, 2026, February 27, 2026, March 4, 2026, March 12, 2026, March 13, 2026, March 16, 2026, March 18, 2026, March 19, 2026, March 20, 2026, and March 26, 2026. (Shaw Decl. ¶¶ 2-14; Exs. A-G).

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

5

Despite Defendants' eleven requests to schedule the LR 16-2 Conference, Plaintiffs never provided dates for the Conference. Plaintiffs' lead counsel, Thomas Stanton ("Mr. Stanton") affirmatively stated on March 18 and 20 that he would not participate in the LR 16-2 Conference. (Shaw Decl. ¶¶10-11, Exs. A; D).

### C. Defendants Requests to Confer Over Motions in Limine

On February 25, 2026, Defendants' requested Plaintiffs' availability to meet-and-confer over what became Defendants' Motions in Limine Nos. 1 and 2. (Shaw Decl. ¶ 2, Ex. A). The parties conferred over these motions on February 27, 2026, but Plaintiffs' new counsel stated they were still getting up to speed on the case file and would get back with any substantive oppositions. (Shaw Decl. ¶ 3). Defendants' asked for Plaintiff's position on the motions on March 4, 2026, March 16, 2026, and March 18, 2026. (Shaw Decl. ¶¶ 4; 7-8, Exs. B-C) Plaintiffs' never provided any substantive opposition to the motions which Defendants filed on March 19, 2026. (*See* Dkts. 82; 83). To date, Defendants' have never received any substantive oppositions to Motions in Limine Nos. 1 and 2. (Shaw Decl. ¶ 23).

On April 1, 2026, Defendants requested Plaintiffs' availability to meet-and-confer over what became Defendants' Motions in Limine Nos. 3, 4, and 5. (Shaw Decl. ¶ 15, Ex. H). Hearing no response, Defendants sent a follow up email on April 6, 2026, again requesting Plaintiffs' availability to meet-and-confer. (Shaw Decl. ¶ 17, Ex. H). Mr. Stanton finally responded on April 10, 2026, requesting to conduct a call the following week. (Shaw Decl. ¶ 18, Ex. H). Defendants responded that the deadline to file motions in limine was that same day. (Shaw Decl. ¶ 18, Ex. H). Still without a response from Plaintiffs' on whether they opposed the motions and their grounds, Defendants were forced to file Motions in Limine Nos. 3, 4, and 5 on April 10, 2026. (See Dkts. 96-98). To date, Defendants' have never received any substantive oppositions to Motions in Limine Nos. 3, 4, and 5. (Shaw Decl. ¶ 23).

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

### D.     Defendants' Compliance with Pretrial Obligations and Plaintiffs' Noncompliance

The first round of pretrial filings were due on April 10, 2026. (Dkt. 72). On April 1, 2026, Defendants' (1) requested Plaintiffs' proposed joint and special jury instructions by Friday, April 3, 2026, in accordance with this Court's orders, (2) informed Plaintiffs' counsel of Defendants' intention to provide their proposed jury instructions on April 3, (3) requested Plaintiff's counsel to confirm that they will prepare the Joint Status Report Regarding Settlement and circulate by April 6 ahead of the Court's April 10th deadline, and (4) informed Plaintiffs' counsel that Defendants will draft the Joint Exhibit list and provide to Plaintiffs counsel on April 6. (Shaw Decl. ¶ 15, Ex. H). Hearing no response, Defendants provided their proposed jury instructions on April 3, 2026. (Shaw Decl. ¶ 16, Ex. H). Plaintiffs' did not provide any proposed jury instructions or otherwise respond to Defendants' requests. (*See* Shaw Decl. Ex. H). On April 6, 2026, Defendants' provided their portion of the Joint Exhibit list and requested Plaintiffs' availability to discuss trial exhibits. (Shaw Decl. ¶ 17, Ex. H). Plaintiffs' did not circulate the Joint Status Report Regarding Settlement as requested. (Shaw Decl. ¶ 19). On April 10, Mr. Stanton finally responded after two-and-half weeks of radio silence. (Shaw Decl. ¶ 18, Ex. H). Mr. Stanton requested a call for the following week. Defendants promptly informed him that the pre-trial filing deadline was that day, April 10. (Shaw Decl. ¶ 18, Ex. H). Defendants filed all pre-trial documents on April 10, 2026, and noted Plaintiffs' failure to participate in the preparing or filing of the Joint Exhibit List and the Joint Statement Regarding Settlement despite many attempts to engage them. (See Dkts. 99-103).  Plaintiffs filed no pre-trial documents on April 10 and have yet to provide any proposed jury instructions or objections to Defendants' provided jury instructions. (Shaw Decl. ¶ 19).

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

## III.   ARGUMENT

### A.   Standard of Review

*Ex parte* relief is appropriate when "there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). The Court has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The district court is given broad discretion in supervising the pretrial phase of litigation . . . ." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

### B.   Good Cause Exists To Allow Defendants to File Their Motion for Sanctions Pursuant to FRCP 16(f).

While Defendants are filing Oppositions to Plaintiffs' Motions, they are also compelled to file the instant Motion for Sanctions to request appropriate and fair relief that Defendants may not otherwise be available in opposition to Plaintiffs' Motions. *See Heckethorn v. Sunan Corp.,* 992 F.2d 240 (9th Cir.1993) (holding that Rule 41(a)(2) does not provide an independent basis for *attorney* sanctions); *see also* FRCP 16(f)(2) (allowing a motion and for sanctions against counsel); *Seismic Intern. Research Corp. v. South Ranch Oil Co., Inc.*, 793 F.2d 227 (10th Cir. 1986) (recognizing that when possible, sanctions for misleading activity by counsel should be entered against counsel, and not the parties they represent); *Martin Family Trust v. Heco/Nostalgia Enterprises Co.*, 186 F.R.D. 601 (E.D. Cal. 1999).

As set forth in the Shaw Declaration, once Plaintiffs' new counsel substituted into the case, Defendants immediately emailed about upcoming deadlines:

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

8

> We need to move quickly on this and then schedule our Local Rule 16-2 conference, because deadlines are approaching and my clients are eager to move forward with this case after having so many delays caused by Plaintiffs. Any further delays by Plaintiffs will only cause more prejudice to my clients, so we expect that you are fully up to speed on the case file, the upcoming deadlines, and the Local Rules of Court.

(Shaw Decl., ¶ 2, Ex. A). Defendants have followed up with Plaintiffs' counsel numerous times and tried to convince them to comply, but they either refuse, ignore the communications, or mischaracterize the issue as "bullying" or "hardball tactics." (*See* Shaw Decl. ¶¶ 2-17 & 25; Exs. A-H).  To be clear, Defendants are simply trying to respect the Court and its rules and follow them. (*Id.*) Despite Defendants good faith attempts to confer and follow up emails with questions, Plaintiffs' counsel continues to refuse to explain why they do not follow any of the rules, whether they reviewed the Local Rules, whether they reviewed the case file, and whether they have any good faith justification for their noncompliance. Unfortunately, Defendants are prejudiced because while they are attempting to comply in good faith, they are incurring significant costs and fees.

Defendants are not at fault for causing the need for *ex parte* relief, in part, because Plaintiffs filed their motions after the deadline and they continue to ignore pretrial obligations and deadlines, which Defendants are still required to and will continue to comply with. So, while Defendants are continuing to comply and incurring fees, Plaintiffs and their counsel are doing nothing and failing to justify their position(s). As set forth in the Motion for Sanctions, Defendants are entitled to sanctions pursuant to FRCP 16(f). (*See* Shaw Decl., ¶ 24, Ex. I).

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this *Ex Parte* Application and allow Defendants to file their Motion for Sanctions, for Plaintiffs an opportunity to submit an Opposition on April 24, 2026 or at another date that is convenient, and for Defendants to file a Reply on May 1, 2028 or any date prior to the May 8, 2026 pretrial conference.

Respectfully submitted,

Dated: April 17, 2026                    By: */s/ Scott P. Shaw*

Scott P. Shaw (SBN 223592)
Morgan E. Pietz (SBN 260629)
MERCHANT AND GOULD, LLP

Benjamin L. Dooley (admitted *pro hac vice*)
MERCHANT AND GOULD, P.C.

Brian J. Abergel (admitted *pro hac vice*)
Babergel@TPAlegal.com
PEACOCK, & ABERGEL, P.L.L.C.

*Counsel for Defendants and Counter-Claimant*

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

10

# CERTIFICATE OF WORD COUNT

I hereby certify, pursuant to Judge Hsu's Order (ECF No. 50) that this brief does not exceed 7,000 words. The word count is 1,617.


DATED: April 17, 2026                    /s/ *Scott P. Shaw*

DEFENDANTS' EX PARTE APPLICATION SEEKING A COURT ORDER FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SANCTIONS AFTER THE APRIL 3, 2026 DEADLINE AND FOR A HEARING ON MAY 8, 2026

11